### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KIMBALL INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| JASPER SEATING COMPANY, INC. | ) | |
| d/b/a COMMUNITY | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT AND JURY DEMAND

For its Complaint against Defendant Jasper Seating Company, Inc. d/b/a Community, Plaintiff Kimball International, Inc., through the undersigned, states and alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for direct trademark infringement, false designation of origin, and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the statutes and common law of the State of Indiana.

### THE PARTIES

2.     Plaintiff Kimball International, Inc. ("Kimball") is an Indiana corporation with its principal place of business in Jasper, Indiana.

3.     Defendant Jasper Seating Company, Inc. d/b/a Community ("Defendant") is an Indiana corporation with its principal place of business in Jasper, Indiana.

### JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121(a) because Kimball's claims arise under the Lanham Act.

1

5. This Court has supplemental jurisdiction over Kimball's Indiana state law and common law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because those claims are joined with substantial and related claims under the Lanham Act, and are so related to the claims under the Lanham Act that they form part of the same case or controversy under Article III of the United States Constitution.

6. The exercise of *in personam* jurisdiction over Defendant comports with the laws of the State of Indiana and the constitutional requirements of due process because Defendant is located in Indiana, Defendant and/or its agents transact business, and/or offer to transact business, within Indiana.

7. This Court also has personal jurisdiction over Defendant because Defendant has committed tortious acts in Indiana causing injury to Kimball in Indiana. For example, as alleged below, Defendant has, without authorization, advertised, offered for sale, sold, and distributed furniture in connection with Kimball's federally registered trademark which has caused injury to Kimball in Indiana.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2) because Defendant is subject to personal jurisdiction in this District and resides in this District.

## ALLEGATIONS RELEVANT TO ALL COUNTS

**A.    Kimball and its JEWEL Mark.**

9. Kimball is an industry leader in furniture solutions for the workplace and for learning, healing, and hospitality environments.

10. Notably, since at least August 17, 2015, Kimball has manufactured and sold a line of chairs under the trademark JEWEL (the "Mark") throughout the United States. Kimball chose

2

and used the Mark in order to distinguish its JEWEL line of seating products from those of its competitors.

11.    Kimball has expended great sums of money and substantial effort establishing, promoting and protecting the Mark.  Through continuous and extensive use and promotion of the Mark, and through the exercise of control over the quality of goods offered thereunder, the Mark has amassed substantial and valuable goodwill and consumer recognition, and consumers have come to closely associate the distinctive and valuable Mark with Kimball and its seating products.

12.    Kimball's hard-earned reputation for producing the highest quality seating products under the Mark is reflected in the robust and valuable body of goodwill symbolized by Kimball's Indiana State Registration for the trademark JEWEL (Reg. No. 2017-0052) for furniture.  A copy of the Certificate of Trademark Registration for the Mark is attached hereto as **Exhibit A.**

13.    Kimball's priority in the Mark dates back to at least as early as August 17, 2015.

14.    Kimball has not authorized Defendant to use the Mark in any manner whatsoever.

**B.    Defendant and Its Wrongful Conduct.**

15.    Defendant is a furniture manufacturer based in Indiana and distributes its products throughout the United States.

16.    Defendant is unlawfully using a variation of the Mark—JUEL—in connection with a collection of seating products, as depicted below:

3



Defendant's full seating product offerings under the Mark are attached hereto as **Exhibit B**.

17.     Defendant's use of JUEL in connection with seating products is likely to cause confusion, mistake, or deception in the market as to the source or origin of Defendant's goods, and to falsely suggest that Defendant and its goods are sponsored by, connected to, or associated with Kimball.

18.     Upon information and belief, Defendant commenced use of the designation JUEL in connection with seating products after Kimball's priority date of August 17, 2015.

19.     Kimball first informed Defendant of Kimball's superior rights by letter dated March 3, 2017.  Notwithstanding that letter, Defendant continues its unlawful use of designation JUEL.

20.     Kimball has no control over the quality or value of the furniture Defendant markets, promotes, distributes, offers for sale, and sells under the designation JUEL.  The invaluable goodwill represented in the Mark is thereby wrongfully at the mercy of Defendant.

4

21.     By using the JUEL designation without authorization, Defendant is and has been willfully and intentionally trading upon the goodwill in the Mark that Kimball developed at its considerable expense and effort.  Defendant thereby has caused and is causing Kimball substantial and irreparable harm and injury.

**COUNT I**
**(Infringement of Mark Registered with State of Indiana)**

22.     Kimball repeats and realleges the preceding paragraphs as if fully set forth herein.

23.     Defendant is not authorized to use the Mark or any mark confusingly similar to or that in any way represents or implies that Defendant's goods are in any way associated with Kimball.

24.     Nevertheless, Defendant has used and continues to use in commerce the designation JUEL in connection with Defendant's seating products.

25.     Defendant's unauthorized use of the designation JUEL in connection with Defendant's seating products as alleged herein constitutes trademark infringement.  Defendant's unauthorized use of the designation JUEL in connection with Defendant's seating products is likely to cause confusion, mistake and/or deception as to the source or origin of Defendant's goods, and has falsely suggested that Defendant and its goods are sponsored by, connected to, or associated with Kimball.

26.     Defendant's wrongful use of the designation JUEL is knowing, deliberate, and willful.

27.     As a direct and proximate result of Defendant's actions described herein, Kimball has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court preliminary and permanently enjoins Defendant's actions. Kimball has no adequate remedy at law.

5

## COUNT II
### (False Designation of Origin – 15 U.S.C. § 1125(a))

28.     Kimball repeats and realleges the preceding paragraphs as if fully set forth herein.

29.     Defendant's unauthorized use of the designation JUEL in connection with Defendant's seating products as alleged herein constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).  Defendant's unauthorized use of the designation JUEL in connection with Defendant's seating products is likely to cause confusion, mistake and/or deception as to the source or origin of Defendant's goods, and to falsely suggest that Defendant and its goods are sponsored by, connected to, or associated with Kimball.

30.     Defendant's wrongful use of the designation JUEL in connection with Defendant's seating products is knowing, deliberate, and willful.

31.     As a direct and proximate result of Defendant's actions described herein, Kimball has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court preliminarily and permanently enjoins Defendant's actions. Kimball has no adequate remedy at law.

32.     As a direct and proximate result of Defendant's actions described herein, Kimball is entitled to a monetary recovery in an amount to be proven at trial.

## COUNT III
### (Common Law Unfair Competition)

33.     Kimball repeats and realleges the preceding paragraphs as if fully set forth herein.

34.     Defendant's unauthorized use of the designation JUEL in connection with Defendant's seating products as alleged herein constitutes common law unfair competition. Defendant's use of the designation JUEL in connection with Defendant's seating products is likely to cause confusion, mistake and/or deception as to the source or origin of Defendant's

6

goods, and to falsely suggest that Defendant and its goods are sponsored by, connected to, or associated with Kimball.

35.     Defendant's wrongful use of the designation JUEL in connection with Defendant's seating products is knowing, deliberate, and willful.

36.     As a direct and proximate result of Defendant's actions described herein, Kimball has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court preliminarily and permanently enjoins Defendant's actions. Kimball has no adequate remedy at law.

37.     As a direct and proximate result of Defendant's actions described herein, Kimball has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

**COUNT IV**
**(Deception – Indiana Code § 35-43-5-3(a)(6))**

38.     Kimball repeats and realleges the preceding paragraphs as if fully set forth herein.

39.     By engaging in the knowing, intentional, deliberate, willful, and malicious actions described above, Defendant has disseminated to the public information that Defendant knows is false, misleading, or deceptive, with the intent to promote Defendant's business and/or commercial interests.

40.     Defendant has therefore committed deception under Indiana Code Section 35-43-5-3(a)(6).

41.     As a direct and proximate result of Defendant's actions described herein, Kimball has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court preliminarily and permanently enjoins Defendant's actions. Kimball has no adequate remedy at law.

7

42.    As a direct and proximate result of Defendant's actions described herein, Kimball has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

**COUNT V**
**(Indiana Crime Victim's Relief Act– Indiana Code § 35-24-3-1)**

43.    Kimball repeats and realleges the preceding paragraphs as if fully set forth herein.

44.    Under the Indiana Crime Victims' Act, Indiana Code Section 35-24-3-1, a person that suffers pecuniary loss as a result of the violation of Indiana Code Sections 35-43 *et seq.*, may bring a civil action against the person who caused the loss for treble damages, costs of the action, and reasonable attorneys' fees.

45.    As set forth herein, Defendant has violated Indiana Code Section 35-43-5-3 through Defendant's knowing, intentional, deliberate, willful, and malicious commission of deception.

46.    Kimball is the victim of Defendant's deception and other knowing, intentional, deliberate, willful, and malicious actions set forth herein, and, as a result, has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

47.    Kimball is accordingly entitled to an award of those actual damages as well as statutory treble damages, corrective advertising damages, costs, and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kimball International, Inc. respectfully requests that judgment be entered in its favor and prays:

A.    That this Court preliminarily and permanently enjoin Defendant and each of its retail partners, affiliates, associates, agents, servants and employees, and all others acting in concert with Defendant, from directly, indirectly, contributorily, or vicariously infringing the Mark, from any and all use of JEWEL, JUEL, or any mark confusingly similar to the Mark or

8

that in any way represents or implies that Defendant's goods are in any way associated with

Kimball, and from otherwise engaging in unfair competition or deception;

B.      That this Court order Defendant to pay to Kimball such damages as Kimball has

sustained by reason of Defendant's willful trademark infringement, false designation of origin,

unfair competition, deception, and other wrongful conduct;

C.      That this Court order Defendant to account for and to pay Kimball all profits

derived by Defendant by reason of the acts complained of herein;

D.      That this Court treble all profits and damages owing to Kimball due to (i)

Defendant's willful trademark infringement and false designation of origin pursuant to 15 U.S.C.

§ 1117(a), and (ii) Defendant's deception pursuant to Indiana Code § 35-24-3-1;

E.       That this Court order Defendant to pay Kimball its reasonable attorneys' fees and

costs pursuant to 15 U.S.C. §§ 1117(a) and Indiana Code § 35-24-3-1; and

F.      That this Court award Kimball such other further relief as this Court deems just.

## **DEMAND FOR JURY TRIAL**

Kimball respectfully requests a trial by jury on all issues raised by this Complaint.

Dated:  December 21, 2017                    Respectfully submitted,


s/*Louis T. Perry*
Louis T. Perry (#25736-49)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street
Suite 2700
Indianapolis, IN  46204
Phone: (317) 237-0300
Fax:    (317) 237-0000
Email: louis.perry@FaegreBD.com

US.112943264.01

# State of Indiana
# Office of the Secretary of State
## CERTIFICATE OF TRADEMARK REGISTRATION

I, Connie Lawson, Secretary of State of Indiana, hereby certify that in accordance with the application filed in this office on behalf of the following:

KIMBALL INTERNATIONAL, INC.                              Corporation

1600 ROYAL ST.

JASPER, IN     47549 USA

The TRADEMARK described below has been duly registered in this office pursuant to Indiana Code 24-2-1-1 et seq.

**JEWEL**

This mark is used in connection with the following: **FURNITURE**

DISCLAIMER:

Class of Merchandise: **20**                              FILE No.: **2017-0052**

Date of Registration: **02/01/2017**                      Date of Expiration: **01/31/2022**

Date of first use in the United States: **08/17/2015**    Date of first use in Indiana: **08/17/2015**



In Witness Whereof, I have hereunto set my hand and affixed the seal of the State of Indiana, at the City of Indianapolis, on December 20, 2017



Connie Lawson                              Secretary of State



EXHIBIT

A

 

# COMMUNITY
JASPER GROUP BRAND ™   furniture for public spaces       JASPER GROUP

products   resources   about us   contacts

NEW · INDUSTRIES · SEATING · TABLES · CHILDREN'S · CASEGOODS · ORDERING · CUSTOMS

## Juel Seating

## Gallery


GALLERY


PRICING


BROCHURE


INFO


MATERIALS

Tip: rollover thumbnail to preview image, click thumbnail for larger-size image

### Configurations

  

  

  



 

### Components

Chairs



EXHIBIT
B

  

Stools

  

Lounge



☑ EMAIL LINK TO THIS PAGE

# Community

**PRODUCTS**
NEW
INDUSTRIES
SEATING
TABLES
CHILDREN'S
CASEGOODS
ORDERING
CUSTOMS

**RESOURCES**
AUTO CAD
PRICE LISTS
MATERIALS
DOCUMENTS
IMAGES
CSA - CONTRACTS
INSTALLATIONS

**ABOUT US**
WHO WE ARE
MARKETS
SUSTAINABILITY
SHOWROOMS
CAREERS
NEWS AND EVENTS

**CONTACTS**
CONTACT US
FIND A REP
ORDERING
FACEBOOK
TWITTER
YOUTUBE
PINTEREST
MAILING LIST

**OTHER SITES**
JASPER GROUP BRANDS
JSI
KLEM

**QUICK LINKS**
FIND A REP
CONTACT US
GSA / CONTRACTS

© 2010 - 2017 JASPER GROUP. ALL RIGHTS RESERVED. FURNITURE FOR PUBLIC SPACES.